[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11655
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00554-RWS-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

ANDREW SUTTON,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 13, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In appealing his prison sentence of 96 months for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b), Andrew Sutton presents one issue: whether the sentence is substantively unreasonable.  The term of Sutton's sentence is 12 months below the applicable guideline sentence range of 108 to 135 months' confinement.  Sutton contends that it is unreasonable because, among other things, the District Court gave too much weight to the content of his online chats, and failed to give enough weight to his diminished capacity.  Relying on *United States v. Portman*, 599 F.3d 633 (7th Cir. 2010), he argues that, because his diminished capacity directly led to his offense, he was entitled to a 36- to 48-month downward variance from the guideline sentence range.  We are not persuaded and accordingly affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted).

2

The District Court did not abuse its discretion by imposing a sentence 12 months below the guideline range.  The court properly considered the nature and circumstances of Sutton's offense, his personal characteristics, the available sentencing alternatives, and the sentencing goals of § 3553(a)(2).  Sutton's offense was particularly serious because his actions bordered on production of child pornography.  He engaged in numerous online conversations with children and parents of minor children, encouraging them to engage in bizarre sexual acts and send him nude photographs.

The record reflects that the court sufficiently considered evidence regarding Sutton's mental capacity.  When exercising its discretion in weighing this evidence, the court found that Sutton had "issues" and was not "operating at full speed."

Sutton cites *Portman* for the proposition that a court must address uncontested evidence of a defendant's diminished capacity and must make a finding of whether the defendant's diminished capacity contributed substantially to the offense.  *Portman*, 599 F.3d at 637-38 (holding that the district court's alleged failure to make findings on the defendant's capacity was harmless because the defendant's capacity did not substantially contribute to the commission of his crime).  But *Portman* does not require the court, as Sutton seems to argue, to

3

impose a downward variance greater than 10% of the low end of the guideline range where the defendant's diminished capacity contributed to his offense. What the record shows here is that the District Court sufficiently considered evidence of Sutton's diminished capacity, as contemplated by *Portman* and § 3553(a)(1), in fashioning his sentence.

AFFIRMED.